

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2007

# Davis v. Collins

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3701

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Davis v. Collins" (2007). *2007 Decisions.* Paper 1212.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1212

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-181                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3701
_____

BRIAN DAVIS, Appellant

v.

DR. COLLINS; DR. OLSON; R. SMITH; C. MONTGOMERY;
ASSOCIATE WARDEN DOE
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00202)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
March 29, 2007

BEFORE: RENDELL, SMITH and JORDAN, <u>CIRCUIT JUDGES</u>

(Filed April 25, 2007)
_____

OPINION
_____

PER CURIAM

        Brian Davis appeals from the District Court's order dismissing one claim

pursuant to Federal Rule of Civil Procedure 12(b)(6) and granting summary judgment in

favor of the Defendants on Davis' other claim.  Because we determine that this appeal

lacks arguable merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

Davis, a prisoner, filed this complaint pursuant to 42 U.S.C. § 1983 and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. Davis' claims arise from the allegedly inadequate dental care he received while imprisoned. While imprisoned in 1994, Davis had a dental examination and subsequently had a root canal performed on tooth #8. In 1995, Davis complained about various ailments associated at or near tooth #8. Davis was diagnosed with a failed root canal. It was recommended that tooth #8 be extracted because it was non-restorable. Davis declined this option. He wanted to delay the extraction for as long as possible. A second opinion by an oral surgeon recommended that an apicoectomy be performed.[1] Ultimately, the Utilization Review Committee ("URC") denied the apicoectomy. In late 2005, tooth #8[2] was extracted after Davis was advised that it was non-restorable. Davis asserted that the failure to perform the apicoectomy constituted deliberate indifference to a serious medical need ("Claim I"). Furthermore, he asserted that the URC's decision to deny the apicoectomy violated the APA.[3] Specifically, Davis stated that "[t]he decision of the [URC] at FCI McKean to

---

[1] As explained by the Defendants, "[a]n apicoectomy, or root-end resection, is the removal of the root tip and the surrounding infected tissue of an abscessed tooth. This procedure may be necessary when inflammation and infection persist in the area around the root tip after root canal therapy or root canal treatment." (Defs. Br. Supp. Mot. Dismiss Or Mot. Summ. J., 3 n.1)

[2] Tooth #7 was also extracted after it was determined that it was also non-restorable.

[3] The APA states that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

arbitrarily and unjustifiably pursue extraction of inmates infected teeth over less intrusive methods of dental care violates the requirements of the APA, and has deprived Davis of his entitlement to non-invasive, proper, and adequate dental care" ("Claim II"). (Pl.'s Brief in Opp'n Defs.' Mot. Dismiss Or Summ. J., 34).

The Defendants moved to dismiss the complaint, or, in the alternative, for summary judgment. The Magistrate Judge recommended granting summary judgment in favor of the Defendants on Claim I and recommended dismissing Claim II. The District Court adopted the report and recommendation. Davis timely filed a notice of appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary.[4] See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005)(stating standard of review over an order granting summary judgment); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(stating standard of review over dismissal under Federal Rule of Civil Procedure 12(b)(6)). In deciding a motion to dismiss pursuant to Rule 12(b)(6), we accept as true all allegations of the complaint and all reasonable inferences that can be drawn therefrom. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving

---

[4] The Defendants moved to dismiss, or, in the alternative, for summary judgment. Therefore, Davis was on notice that the motion could be treated as one for summary judgment. See Hilfirty v. Shipman, 91 F.3d 573, 578-79 (3d Cir. 1996). Indeed, even Davis submitted materials beyond the complaint in responding to the motion.

party is entitled to judgment as a matter of law. See Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

III.

In order to establish a violation of his constitutional right to adequate medical care, a prisoner must show that a prison official acted with deliberate indifference to a serious medical need of the prisoner. See Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003)(citation omitted). Deliberate indifference to a serious medical need of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). First, a plaintiff must make an objective showing that he has a serious medical need. See Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). Next, a prisoner must make a subjective showing that the prison official knew of and disregarded an excessive risk to the inmate's health or safety. See Natale, 318 F.3d at 582 (citation omitted). Allegations of medical malpractice are not sufficient to establish an Eighth Amendment violation for inadequate medical care. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004)(citations omitted). Furthermore, mere disagreement regarding the proper medical treatment is insufficient to establish a constitutional claim. See id. (citation omitted).

For essentially the reasons stated by the Magistrate Judge, we agree with the grant of summary judgment in favor of the Defendants on Claim I. Specifically, the decision not to perform the apicoectomy only constituted a medical disagreement regarding Davis' dental treatment. As previously stated, this is insufficient to establish a

4

constitutional claim.  See id.

Next, the Defendants were entitled to summary judgment on Claim II.[5]  The

URC's denial of the apicoectomy procedure did not constitute a failure to provide

adequate dental care.  Rather, for the reasons stated above, it only constituted a

disagreement regarding whether the procedure should be performed as opposed to the

alternative recommendation of extraction.[6]

IV.

In sum, we conclude that the Defendants were entitled to summary

judgment on Davis' claims.  Because this appeal lacks arguable merit, we will dismiss it

under 28 U.S.C. § 1915(e)(2)(B).

---

[5] The District Court dismissed Claim II pursuant to Federal Rule of Civil Procedure 12(b)(6).  In relying on the Magistrate Judge's recommendation, the District Court used documents beyond the complaint.  As such, Claim II should have been decided under the summary judgment standard.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)(stating that "[a]s a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings)(citation omitted).  However, this constituted harmless error because Davis was already on notice that the Defendants' motion could be converted into one for summary judgment.  See Hilfirty, 91 F.3d at 578-79.

[6] Furthermore, we note that Davis was diagnosed with a mid-root perforation after a doctor extracted tooth #7 and tooth #8 in December 2005.  The doctor concluded that this condition meant that the apicoectomy would not have been successful.